UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MAXIMILIANO SILEONI,<br><br>    Plaintiff,<br><br>vs.<br><br>SERGEANT THOMSON, CORRECTIONAL OFFICE GLENN, DAVID E. DIETZ, SERGEANT BONJOVI, R. MARTINEZ, CORRECTIONAL OFFICER FLOWER, TIM McKAY, and JAY CHRISTENSEN,<br><br>    Defendants. | Case No. 1:20-cv-00502-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Maximiliano Sileoni was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff cannot proceed on his claims without amendment.

REVIEW OF COMPLAINT

1. **Factual Allegations**

Plaintiff alleges that he ordered some beading supplies from a vendor, intending to make 40 rosaries. He planned to use one for his own personal religious worship and to sell the others to friends and family. Plaintiff's trust account shows a withdrawal to the vendor

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

for the order for $37.76. Dkt. 6-1. Correctional Officers Glenn and Martinez, both defendants in this action, told Plaintiff that the order arrived in the prison property room on August 20, 2019. Glenn said that that Defendant Sergeant Thomson confiscated the order on August 22, 2019. Thomson told Plaintiff he didn't have a hobby card form and therefore he wasn't authorized to order beading supplies. Plaintiff asked permission to mail the beading supplies out to his family, but he never received a response.

Plaintiff's exhibits show that, about a year later, in September 2020, he asked for a free rosary from the chaplain. He was given a free rosary in October 2020. Dkt. 6-1, p. 60. In none of the exhibits addressing the beading supplies does Plaintiff state that he needed the beads for a religious reason. Neither does Plaintiff show that he was entitled to received hobby craft items in August 2019. The record shows that Plaintiff was authorized to receive hobby craft items between 2012 and May 2018. *See* Dkt. 6-1, pp. 41-46. Prison officials told him in December 2019 that he had not had this privilege for "quite some time." *Id.*, p. 2. However, it does appear that he ordered and received some beading supplies in November 2019—it is unclear whether that was under a continuation of a previous authorization or a new authorization to receive hobby craft items. *Id.*, p. 39.

Plaintiff further asserts that prison officials participated in a conspiracy to deprive him of his religious items and that they maliciously harassed him as a result of his religious practices of praying with a rosary. He asserts that this action violated his First Amendment right to practice his religion, his Fifth Amendment right to due process, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to equal protection and due process.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

Petitioner requests compensatory damages of $437.76, which is the cost of the beading supplies and the profit he would have made from selling 40 rosaries to family and friends for $10.00 each. He also seeks $1,000.00 per cause of action from each defendant to compensate him for emotional distress and other injuries. (*Id*.)

2. **Standards of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq*.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a pro se plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory under the *Iqbal/Twombly* standard. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The First Amendment Free Exercise Clause absolutely protects the right to believe in a religion; it does not protect all conduct associated with a religion. *Cantwell v. Connecticut*, 310 U.S. 296 (1940). Inmates retain their free exercise of religion rights in prison. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Inmate challenges to prison restrictions that are alleged "to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections

system, to whose custody and care the prisoner has been committed in accordance with due process of law." *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 125 (1977) (citation omitted). The courts must balance prisoners' First Amendment rights against the goals of the correctional facility. *Bell v. Wolfish*, 441 U.S. 520 (1979). Particularly, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 87 (1987).

In general, loss of personal property is not an issue of constitutional dimension. The United States Supreme Court has made it clear that the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Moreover, even the intentional destruction of personal property by prison officials will not support a due process claim under § 1983 if the prisoner has an adequate remedy under state law. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels*, 474 U.S. at 330-31 (1986).

3. Discussion

   A. *First Amendment Claim*

Plaintiff has not provided plausible factual allegations to show that any defendant had a hand in confiscating Plaintiff's beading supplies for the purpose of thwarting Plaintiff's practice of religion. None of the exhibits hint at either a religious purpose or a discriminatory motive. Without such allegations, the claims are merely personal property loss claims. He has not alleged that he was without another remedy to seek compensation

for the loss of his beading supplies, for example, he did file a written request for reimbursement with the state of Idaho, which paved the way for him to file a state court action to obtain reimbursement. Without more, this claim is subject to dismissal for failure to state a federal claim upon which relief can be granted.

      **B.**     ***Plaintiff's Other Legal Theories***

As set forth above, a federal due process claim under the Fifth or Fourteenth Amendments does not lie for negligent or intentional personal property destruction or wrongful confiscation. This cause of action should not be included in any amended complaint.

To state a claim under the Eighth Amendment regarding prison conditions, a plaintiff must provide facts alleging that he is incarcerated "under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citation omitted). Nonreceipt of beading supplies does not fit within these categories of claims warranting Eighth Amendment protection.

Under the Fourteenth Amendment's Equal Protection Clause, "all persons similarly circumstanced shall be treated alike" by governmental entities. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920). However, "[t]he Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Tigner v. Texas*, 310 U.S. 141, 147 (1940).

An equal protection claim must contain factual allegations that give rise to a plausible inference that the government action was the result of unconstitutional

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

discrimination on the basis of "race, religion, or national origin." *Iqbal*, 556 U.S. at 676-77, 682; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). A plaintiff must provide sufficient allegations pointing to a discriminatory motive that "nudg[es]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff has no plausible allegations showing that the nonreceipt of his beading materials resulted from a discriminatory motive. He has provided no facts showing he was treated differently than other similarly-situated inmates. Therefore, he has not stated a viable equal protection claim. If he has additional allegations, he may amend his Complaint.

### C. *Individual Defendants — Official Capacity Claims*

Plaintiff sues Defendants in their individual and official capacities. In contrast to an individual capacity claim seeking to hold a government official personally liable for an award of damages, suing the same defendant in his or her official capacity claim is considered a claim against the "entity of which an officer is an agent." *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 690 n.55 (1978). Because it is a claim against the entity, the plaintiff must show that a policy or practice was the "moving force" behind the constitutional deprivation. *See id*.

In addition, monetary damages are not an available remedy for official capacity claims. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (explaining the reach of Eleventh Amendment sovereign immunity). An official capacity

claim can also be used to request prospective injunctive relief—meaning an order to do or stop doing some act on behalf of the government. *Hartman v. California Dept. of Corr.*, 708 F.3d 1114, 1127 (9th Cir. 2013). Plaintiff has not provided facts or requested injunctive relief that would enable him to proceed against Defendants in their official capacities. Thus, these claims are subject to dismissal.

### D. *Conclusions and Instructions for Amendment*

Plaintiff may not proceed on any of his claims for the reasons set forth above. He may file an amended complaint if he has additional allegations to support the elements of the constitutional causes of action explained above. In particular, for his free exercise claims, he must provide allegations showing that each Defendant knew of his religious beliefs and practices and intended to deprive him of his beading materials for the purpose of discriminating against his religious beliefs or practices.

He should not include due process or cruel and unusual punishment claims in any amended complaint, because those legal theories simply do not fit the facts of his case. He should include an equal protection claim only if he has particular allegations about purposeful discrimination as to each Defendant.

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*,

673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

Perhaps a better solution to Plaintiff's lost items would be for Plaintiff to contact Defendants' counsel to ask if prison officials are willing to submit a reimbursement request for the beading supplies for him based on the fact that he can show a check was drawn on his trust account for the supplies. *See* Dkt. 6-1, p. 4. As a prisoner, he probably does not have a copy of his order, and he does not have a receipt because he did not receive the package, and yet he never received the supplies and never had opportunity to mail the supplies out to his family—if, in fact, they were contraband. Because the exhibits show that Plaintiff received hobby craft items in May 2018 and November 2019, it is unclear whether he did nor did not have hobby craft privileges in August 2019. Regardless, the grievance response indicated that prison officials *could* submit a recommendation for reimbursement if Plaintiff produced "the exact order that is missing, a receipt or the amount of the order." *Id*., p. 2. The amount of the order and vendor name are shown on the prison trust account statement at Docket 6-1, p. 4.

In all of Plaintiff's efforts to resolve this problem, Defendant Thomson has not clarified whether the order arrived and he did not permit Plaintiff to have the beading supplies because he believed Plaintiff was not authorized to receive hobby craft items, *or*

whether the supplies never arrived, and Plaintiff should contact the vendor instead of trying to seek reimbursement from the prison. If the order arrived and was confiscated, and prison regulations permitted Plaintiff to mail out the confiscated items to his family at his own expense, it is unclear why that was not done. Perhaps Defendants' counsel can troubleshoot and help resolve this issue in a quick and simple way. If not, Plaintiff will have to resort to other available remedies.

## ORDER

**IT IS ORDERED:**

1. Plaintiff cannot proceed on his original Complaint because he has failed to state a federal claim upon which relief can be granted.

2. Plaintiff must file either an amended complaint, correcting the deficiencies discussed above, or a notice of voluntary dismissal, no later than **60 days** after entry of this Order. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint." If Plaintiff fails to file anything further, his Complaint will be dismissed for failure to state a federal claim upon which relief can be granted, without further notice.

3. The Clerk of Court is ordered to email a courtesy copy of this Order to Mark Kubinski, Deputy Attorney General for the state of Idaho, so that Plaintiff can try to resolve his property loss issues with prison officials.

4. Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 1) is DENIED as MOOT, because this action was severed from another action in which Plaintiff is proceeding in forma pauperis and for which he is paying the filing fee via automatic

withdrawals.

5.  Plaintiff's Motion for Service of Summons on all Defendants (Dkt. 4) is DENIED.

6.  Plaintiff's "Motion to Exhibit Evidence" (Dkt. 6) is GRANTED, to the extent that the exhibits supplement the original Complaint.

DATED: December 4, 2020

_____
David C. Nye
Chief U.S. District Court Judge

INITIAL REVIEW ORDER BY SCREENING JUDGE - 11